IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| QBE INSURANCE CORPORATION, )<br>    As subrogee of Teague Properties, )<br>                                   )<br>    Plaintiff, )<br>                                   )<br>v. )<br>                                   )<br>THE ROOFING COMPANY, a )<br>Corporation; MICHAEL FULGHUM, )<br>An individual; Fictitious Defendants A-Z )<br>Whose name and identity are unknown, )<br>Include those individuals, corporations, )<br>and entities that were involved in the )<br>negligent and/or wanton construction )<br>of the roof which is the subject of the )<br>this litigation, )<br>                                   )<br>    Defendants. ) | CIVIL ACTION NO.: 3:07-cv-393 |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Federal Rules of Civil Procedure 26(f), a telephone conference call was held on July 17, 2007 and was attended by Jamie A. Johnston for Plaintiff QBE Insurance Corporation ("QBE") and Robert Parsons for Defendants The Roofing Company and Michael Fulghum. The parties do not request a conference with the Court before entry of the scheduling order.

1.  **Narrative Statement of the Facts**

    A.  **Plaintiff's Statement of Facts**

    QBE issued a Commercial Package Insurance Policy, with a Special Perils Policy (policy no. ANM22976-1) (the "Policy"), to Teague Properties. (See QBE's CPP Policy, attached hereto as Exhibit "A").

    Under the Policy, QBE insured certain real estate owned and operated by Teague

Properties, specifically, the Policy provided $300,000 in property damage coverage and $200,000 in contents coverage on a one story, brick building situated at 545 3rd Avenue West Point, Georgia.

In August of 2006, Defendants The Roofing Company and Michael Fulghum and fictious Defendants began installing a roof on the subject property. Prior to completion, on or about August 9, 2006, it rained in West Point, Georgia. The Defendants, during the installation process, left stacks of unused roofing and pieces of debris on the roof and did not properly secure roofing material from the roof retrofitting. The Defendants failure to properly secure roofing materials, debris and unused roof caused a collection of the loose materials to collect at the only roof drain apparatus, the thru-the-wall scupper, by rain water flowing across the roof. The opening between the roof and the main drain on the other side of the firewall became clogged, causing water to back up on the roof, and the roof collapsed. A large section of the roof collapsed, including the overhead beams and rafters. When the roof collapsed, water flooded the floor below and also caused a main line to the sprinkler system to break. This caused water to flood the entire floor of the warehouse. The flooring was severely damaged. The roof structure required rebuilding, the roof had to be replaced, and the flooring had to be replaced. The sprinkler system required extensive repairs and the electrical system was rewired.

QBE paid its insured, Teague Properties, a total of $198,325.75 for damages as a result of the Defendants' negligent installation of the roof and failure to properly secure roof, debris and portions of the roof. The damages were comprised of $135,000 for building damage and $63,325.75 on the building personal property.

The Plaintiff seeks recovery of the monies paid on behalf of its insured based

2

upon negligence, breach of contract and negligent hiring, retention and training causes of action.

    **B.    Defendants The Roofing Company and Michael Fulghum's Statement of Facts**

It is undisputed that:

- The Roofing Company, an Alabama corporation, contracted to install a roof on a building owned by Teague Properties located in West Point, Georgia;

- That the defendant began installing the roof in August 2006, but prior to completion of the job, on or about August 9, 2006, there was a hard and long rain in West Point, Georgia;

- That the roofing crew that began installing the roof consisted of Michael Fulghum, Stanley Brannon, and Jason Roach, all of whom were acting within the line and scope of their respective employment by The Roofing Company.

In response to the plaintiffs Statement of Facts averring certain acts or omissions on the part of The Roofing Company, the defendant denies:

- That it left stacks of unused roofing and pieces of debris on the roof;

- That it failed to properly secure roofing material from the roof retrofitting;

- That roofing materials, debris, and unused roof caused a collection of loose materials to block or clog the drain in question, causing water to back up on the roof and in turn cause a roof collapse;

- That it had any duty or responsibility with regard to servicing or maintaining the drain in question.

It is the position of the defendant that:

- Its work in re-roofing the warehouse in question was done in a good and workmanlike manner

- Teague Properties and its insurer, QBE Insurance Corporation, did not suffer any injury or damage as a proximate consequence of alleged negligence, breach of contract, or negligent hiring, retention and training on the part of the defendant;

- With regard to the cause or causes of the roof collapse and the damages allegedly suffered by the plaintiff, the defendant reserves the right to aver negligence on the part of Teague Properties.

2. This jury action should be ready for trial in April 2008 and at this time is expected to take approximately five (5) days.

3. The parties request a pretrial conference in March 2008.

4. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

**A.  Discovery will be needed on the following subjects:**

Defendants will seek to obtain the following during the discovery phase of this case:

1. Any and all facts and other evidence supporting, proving or otherwise establishing any and all affirmative defenses alleged in Defendants' Answer to QBE Insurance Corporation's Complaint; and

Plaintiff QBE Insurance Corporation will seek to obtain the following during the discovery phase of this case:

4

       1.     Any and all facts and other evidence relevant, necessary or pertaining to the allegations set forth in the Complaint.

**B.**    **All discovery commenced in time to be completed by March 1, 2007.**

    5.    **Initial Disclosures.** The parties will exchange initial disclosures by August 5, 2007, the information required by Federal Rules of Civil Procedure 26(a)(1).

    6.    The parties request until November 1, 2007 to join additional parties and amend the pleadings.

    7.    Reports from retained experts under Rule 26(a)(2) shall be due:

        A.    From the Plaintiff by January 1, 2008.

        B.    From the Defendants by February 1, 2008.

    8.    **Pretrial Disclosures.** Final lists of witnesses and exhibits under Rule 26(a)(3) due by February 15, 2008.

    9.    **Discovery Limits.**

        A.    Maximum of 30 interrogatories by each party to any other party. Responses due 30 days after service.

        B.    Maximum of 10 depositions by Plaintiff and 10 by Defendants. Each deposition limited to maximum of 8 hours unless extended by agreement of parties.

        C.    Maximum of 30 requests for admission by each party to any other party.

        D.    Responses due 30 days after service.

        E.    Maximum of 45 requests for production of documents by each party to any other party. Responses due 30 days after service.

10. All potentially dispositive motions filed by March 1, 2008.

11. Settlement cannot be evaluated prior to March 1, 2008.

Date: July 31, 2007

s/ Jamie A. Johnston                          s/ Robert E. Parsons
_____               _____
Thomas T. Gallion, III                        Robert E. Parsons
Jamie A. Johnston                             Counsel for Defendants
Counsel for Plaintiff                         Parsons, Lee & Juilano, PC
Haskell Slaughter Young & Gallion, LLC        P.O. Box 530630
P.O. Box 4660                                 Birmingham, Alabama  35253-0630
Montgomery, Alabama  36103-4660               (205) 326-6600
(334) 265-8573                                rparsons@pljpc.com
mp@hsy.com
jj@hsy.com

#27076
63008-054