IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| QBE INSURANCE CORPORATION, as subrogee of TEAGUE PROPERTIES, <br><br> Plaintiffs, <br><br> vs. <br><br> THE ROOFING COMPANY, a corporation, MICHAEL FULGHUM, an individual, et al, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 3:07-cv-393-MEF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S EXPERT DISCLOSURE AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Come now the defendants, separately and severally, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, move the Court to issue an order precluding the plaintiff from calling as an expert witness Jeffrey A. Tarbutton, P.E. with Kimley-Horn and Associates, Inc. and as grounds therefor show the following:

1. That on August 8, 2007, the trial court issued a Uniform Scheduling Order which provided:

> These deadlines and responsibilities may not be changed without leave of the Court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinarily unforeseeable circumstances.

2. That SECTION 8 of said Uniform Scheduling Order provided that the plaintiff shall disclose to the defendants any person who may be used at trial to present

evidence under Rules 701, 702, 703 or 705 of the Federal Rules of Evidence and provide the reports of retained experts required by Rule 26(a)(2) of the Federal Rules of Civil Procedure by December 14, 2007.

3. That on December 14, 2007, the plaintiff identified as its *only* retained expert Norman A. Johnson, a roofing consultant, and that on January 15, 2008, the defendants identified as its retained expert Daniel Sheehan.

4. That in early February 2008 the attorneys for the plaintiff and the defendants scheduled the depositions of essential fact witnesses and the depositions of Mr. Johnson and Mr. Sheehan to be taken in Montgomery, Alabama Monday, February 18, 2008.

5. That on February 11, 2008, Felicia A. Long, attorney for the plaintiff, sent a letter (copy attached) to counsel for the defendants confirming the depositions to be taken February 18, 2008 and confirming that Norman A. Johnson would be deposed as the expert for the plaintiff and that Daniel Sheehan would be deposed as the expert for the defendants.

6. That on February 14, 2008, at 3:47 p.m. Robert E. Parsons, attorney for the defendants, received an email from counsel for the plaintiff advising that Jeff Tarbutton (plaintiff's expert – structural engineer) would be available for his deposition Monday, February 18, 2008. *This was the defendants' first notice that the plaintiff was undertaking to retain another expert.*

7. That on Friday, February 15, 2008, at 12:22 p.m. the undersigned, Robert E. Parsons, attorney for the defendants, for the first time received in his law offices in Birmingham, Alabama an email from Felicia A. Long, attorney for the plaintiff,

-2-

forwarding a copy of Mr. Tarbutton's report of findings and opinions. Mr. Parsons had departed his law offices Friday morning February 15, 2008, and did not have an opportunity to read Mr. Tarbutton's until Monday morning, February 18, 2008 in the law offices of Haskell Slaughter, attorneys for the plaintiff.

8. That the identity and opinions of Mr. Tarbutton, disclosed by the plaintiff 63 days after the applicable deadline, came as a complete surprise to counsel for the defendants.

9. That under the Uniform Scheduling Order discovery is to be completed by March 1, 2008, pretrial is scheduled March 14, 2008 and the trial is set April 28, 2008.

10. Upon learning of the identity of Mr. Tarbutton as an expert for the plaintiff, the defendants vigorously objected to the use of Mr. Tarbutton as an expert for the plaintiff.

11. That the undersigned attorney for the defendants certifies that he has in good faith conferred with counsel for the plaintiff about this matter, but that counsel for the plaintiff insists on using Mr. Tarbutton as an expert in the plaintiff's case.

PREMISES CONSIDERED, the defendants move the Court to deny plaintiff's motion for leave to amend the plaintiff's expert disclosure, and defendants' move the Court to issue an order precluding the plaintiff from calling or otherwise using Jeffrey A. Tarbutton, professional engineer, as an expert for the plaintiff for the reason that the plaintiff failed or refused to comply with the Court's Uniform Scheduling Order with regard to the disclosure of experts and for the reason that the defendants would experience substantial injustice and undue burden if the plaintiff is allowed to call Mr. Tarbutton as an expert.

       s/ Robert E. Parsons
Robert E. Parsons (PAR006)
Attorney for Defendants

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
300 Protective Center
2801 Highway 280 South
P. O. Box 530630 (35253-0630)
Birmingham, AL 35223-2480
(205) 326-6600

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ___19th___ day of February, 2008, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Thomas T. Gallion, III
Ms. Jamie A. Johnston
Ms. Felicia A. Long
Haskell Slaughter Young & Gallion, L.L.C.
Post Office Box 4660
Montgomery, AL 36103-4660

       /s Robert E. Parsons
OF COUNSEL

# EXHIBIT 1



Felicia A. Long    attorneys at law
fal@hsy.com

Haskell Slaughter Young & Gallion, LLC
305 South Lawrence Street
Montgomery, Alabama 36104
Post Office Box 4660
Montgomery, Alabama 36103-4660
t. 334.265.8573  |  f. 334.264.7945

February 11, 2008

*1404-27*

**VIA FIRST CLASS MAIL**

Robert E. Parsons, Esq.
Parsons, Lee & Juilano, PC
P.O. Box 530630
Birmingham, Alabama 35253-0630

      RE:    ***QBE v. The Roofing Company, Michael Fulghum, et al.***
             **In the United States District Court, Middle District of Alabama,**
             **Eastern Division**
             **Civil Action No.: 3:07-cv-393**

Dear Mr. Parsons:

      Enclosed are deposition notices directed to Michael Fulghum, Stanley Brannon, and Daniel Sheehan. Per your request, the following witnesses are available to be deposed on February 18, 2008 as well: Norman Johnson *(Plaintiff's expert)*, Phil Teague *(owner of Teague Properties)*, Fred Gouge *(QBE claim's adjuster)*, and Bobby Pike via telephone *(owner of MidSouth, the entity who assessed the property damage to the Lakeview Building)*. Mr. Pike's letter itemizing the property damage to the Lakeview Building as a result of the roof collapse is also enclosed for your review.

      I would like to go ahead and decide on an order in which the witnesses will be deposed so that we can notify the witnesses of same. Norman Johnson is available at 10:00a.m. CST and Phil Teague will be available at 11:00a.m. CST. Given that Michael Fulghum and Steve Brannon will already be in town that morning, I could depose them before 10:00a.m. if they would like to leave after their depositions. Below is the proposed order, with all times after 8:15am being tentative depending on the duration of the preceding depositions.

          8:15a.m.    Michael Fulghum
          9:00a.m.    Stanley Brannon
          10:00a.m.  Norman Johnson
          11:00a.m.  Phil Teague
          1:00p.m.    Bobby Pike
          2:00p.m.    Fred Gouge
          3:00p.m.    Daniel Sheehan

      Please make any changes you feel necessary. We have arranged for lunch to be brought in to the office next Monday so that we can be more efficient with our time.

Robert E. Parsons, Esq.
February 11, 2008
Page 2

I look forward to hearing from you.

Sincerely,

*Felicia Long*

Felicia A. Long


cc:    Jamie A. Johnston, Esq.

#30872
63008-054