**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **QBE INSURANCE CORPORATION,** | ) | |
| **as subrogee of Teague Properties,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 3:07-cv-393-MEF** |
| | ) | |
| **THE ROOFING COMPANY, a** | ) | |
| **Corporation; MICHAEL FULGHUM,** | ) | |
| **An individual; Fictitious Defendants A-Z** | ) | |
| **Whose name and identity are unknown,** | ) | |
| **Include those individuals, corporations,** | ) | |
| **and entities that were involved in the** | ) | |
| **negligent and/or wanton construction** | ) | |
| **of the roof which is the subject of the** | ) | |
| **this litigation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER, OR IN THE
ALTERNATIVE, MOTION TO RECONSIDER ORDER DATED 2/21/08**

COMES NOW the Plaintiff QBE Insurance Corporation (hereinafter referred to as "Plaintiff" or "QBE"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and moves this Court to issue an order precluding the Defendants from calling as an expert witness Daniel Sheehan. Plaintiff pleads in the alternative that this Court reconsider its Order dated February 21, 2008 (doc. # 24) such to permit Mr. Jeffrey A. Tarbutton to testify as a rebuttal expert at the trial of this matter. Plaintiff states the following in support of the relief requested herein:

**I.    A Protective Order should be entered to precluding the Defendant from calling or otherwise using Daniel Sheehan as an expert witness.**

1.    On August 8, 2007, the trial Court issued a Uniform Scheduling Order which provided:

> The deadlines and responsibilities may not be changed
> without leave of Court. All parties are expected to comply
> with each and every provision of this order in a timely

manner, and extensions will only be granted in extraordinarily unforeseeable circumstances.

2.    Section 8 of said Uniform Scheduling Order provided that the Defendants shall disclose to the Plaintiff any person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence and provide the reports of retained experts required by Rule 26(a)(2) of the Federal Rules of Civil procedure by **January 14, 2008**.

3.    On or prior to January 14, 2008, the Defendants **did not** identify an expert to testify on their behalf.  The Defendants did not identify Daniel Sheehan as an expert or produce his report until January 15, 2008, beyond the deadline set forth in the Uniform Scheduling Order. (Exhibit A) Defendants admit to their noncompliance in Defendants' Response to Plaintiff's Motion for Leave to Amend Plaintiff's Expert Disclosure and Defendants' Motion for Protective Order.  (doc. # 23, paragraph 3; attached hereto as Exhibit B)

4.    In addition to the Defendants' noncompliance, Plaintiff will be prejudiced if such testimony is allowed given that Plaintiff has not had an opportunity to depose Daniel Sheehan, despite the notice for same on February 18, 2008. (Exhibit C)

WHEREFORE, based upon the foregoing, the Plaintiff moves the Court to issue an order precluding the Defendants from calling or otherwise using Daniel Sheehan, a professional engineer, as an expert witness for the reason the Defendants failed or refused to comply with the Court's Uniform Scheduling Order with regard to the disclosure of experts and for the reason that the Plaintiff would experience substantial injustice and undue burden if the Defendants are allowed to call Mr. Sheehan as an expert.

**II.    In the event this Court does not enter the above requested protective order, Plaintiff requests that this Court reconsider its Order dated February 21, 2008 (doc. # 24), such to allow the Plaintiff's rebuttal expert Jeffrey A. Tarbutton to testify.**

5.    On February 19, 2008, Plaintiff filed a Motion for Leave to Amend Plaintiff's Expert Disclosure to include Jeffrey A. Tarbutton as a rebuttal expert. Said motion was not filed because a deadline had been missed but rather out of abundance of caution in light of opposing counsel's objection the previous day to Mr. Tarbutton's serving as a rebuttal expert.

6.    This Court denied Plaintiff's Motion for Leave on February 21, 2008 (doc. # 24) and granted Defendant's Motion for a Protective Order to exclude Mr. Tarbutton's testimony reasoning that Plaintiff's disclosure was untimely.

7.    However, the Uniform Scheduling Order entered in this case **did not** include a deadline for the disclosure of rebuttal expert witnesses.  The Uniform Scheduling Order only set forth a deadline for the disclosure of initial expert witnesses and further directed the parties to comply with Rule 26(a)(2), Fed. R. Civ. Proc.

8.    Rule 26(a)(2)(C), Fed. R. Civ. Proc., provides that rebuttal expert witnesses shall be disclosed 30 days after the initial expert disclosure made by the opposing party, absent another deadline established by the Court for same.

9.    Plaintiff disclosed Jeffrey A. Tarbutton as its rebuttal expert witness 30 days after Defendants identified Daniel Sheehan, a professional engineer, as their expert witness and provided Mr. Tarbutton's report to the Defendants the following day.[1] Hence, said disclosure was timely.

10.    It was not until after Mr. Tarbutton drove 363 miles round trip to attend his deposition on February 18, 2008 that Defendants objected to Mr. Tarbutton serving as a rebuttal expert witness in this matter.[2]

---

[1] In Plaintiff's Expert Disclosure, Plaintiff reserved the right to supplement and augment its expert disclosure for rebuttal testimony needed to refute or rebut the contentions and testimony of the Defendant's expert(s).

[2] Plaintiff, by and through their local third party administrator Anchor Managing General Agency, Inc. has expended significant funds to obtain a rebuttal expert and to produce him for a deposition on February 18, 2008.

11.     "The purpose of rebuttal evidence is 'to explain, repel, counteract, or disprove the evidence of the adverse party....'" *United States v. Gold*, 743 F.2d 800, 818 (11th Cir. 1984).  Rebuttal evidence is crucial particularly to a plaintiff who is ordered to produce the identity of its expert and its expert's report *prior* to the defendant's deadline to produce same. A defendant in this position is then afforded the opportunity to assess the plaintiff's expert's report and credentials prior to disclosing its expert's information. The plaintiff must be afforded the same opportunity as the defendant -- to assess the opposing party's expert report and provide evidence to the contrary, if warranted.  "It is an abuse of discretion 'to exclude the otherwise admissible opinion of a party's expert on a critical issue, while allowing the opinion of his adversary's expert on the same issue.' *United States v. Sellers*, 566 F.2d 884, 886 (4th Cir. 1977); see also *United States v. Parshall*, 757 F.2d 211, 213-14 (8th Cir. 1985); *Breidor v. Sears, Roebuck & Co.*, 722 F.2d 1134, 1140-41 (3d Cir. 1983)." *United States v. Lankford*, 955 F. 2d 1545, 1553 (11th Cir. 1992).  Thus, to allow the Defendants to present an engineering perspective on the cause of the roof collapse, the ultimate issue in this matter, and to not allow the Plaintiff to present evidence from this same perspective is highly prejudicial and is respectfully an abuse of discretion.

12.     Further, Mr. Tarbutton's testimony is not duplicative of any other evidence to be offered at trial.  Plaintiff's other expert, Norman Johnson is a roofing consultant, not an engineer, and therefore can only testify as to his opinion of the roof collapse based upon his experience accessing similar collapses in the past.   Mr. Tarbutton as a structural engineer has calculated how much rainfall the scupper and drainage system for the collapsed roof could have withstood absent having been blocked by the Defendants' roofing material.  Said scientific knowledge and calculations are needed to rebut the Defendant's expert engineer who will testify that the building in

question's drainage system was not adequate to handle the rainfall that occurred the night of the collapse.

13.    The Defendants will not be prejudice by allowing Mr. Jeffrey A. Tarbutton to serve as an expert witness in this matter, particularly given that the Defendants are currently in possession of Mr. Tarbutton's final report and have deposed him. Plaintiff will however be prejudiced if not afforded the opportunity to thoroughly present its case and rebut the Defendants' expert's contentions.

WHEREFORE, based upon the foregoing, the Plaintiff respectfully moves this Honorable Court to issue an order precluding the Defendants from calling or otherwise using Daniel Sheehan, a professional engineer, as an expert witness. Plaintiff requests in the alternative that this Court reconsider is Order date February 21, 2008 (doc. # 24) such to grant the Plaintiff leave to proceed with issuing the Plaintiff's Amended Expert Disclosure and to permit Mr. Jeffrey A. Tarbutton to testify at the trial of this matter. Further, in the event the protective order to exclude Daniel Sheehan as an expert witness is not entered, Plaintiff requests to be heard on its Motion to Reconsider at the pre-trial conference scheduled in this matter on March 14, 2008.

Respectfully submitted,

/s/ Jamie A. Johnston
One of the Attorneys for the Plaintiff

OF COUNSEL:

Thomas T. Gallion, III, Esq.
Felicia A. Long, Esq.
HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama  36103-4660
(334) 265-8573        Telephone
(334) 264-7945        Facsimile
mp@hsy.com
jj@hsy.com
fal@hsy.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of February 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

Robert E. Parsons, Esq.
Parsons, Lee & Juliano, P.C.
300 Protective Center
2801 Highway 280 South
Post Office Box 530630 (35253-0630)
Birmingham, Alabama 35223-2480

/s/ Jamie A. Johnston
OF COUNSEL

#31378
63008-054

# Exhibit A

# PARSONS, LEE & JULIANO, P. C.

ATTORNEYS AT LAW
300 PROTECTIVE CENTER
2801 HIGHWAY 280 SOUTH
BIRMINGHAM, ALABAMA 35223-2480

TELEPHONE 205-326-6600
FACSIMILE 205-324-7097

ROBERT E. PARSONS
JASPER P. JULIANO
MARCUS W. LEE
MARDA W. SYDNOR +
DAVID A. LEE
DEBORAH ANN WAKEFIELD
DOROTHY A. POWELL*
JOHN M. BERGQUIST
PAUL J. DeMARCO
JAMES A. WYATT, III
PAUL M. JULIANO
MILES E. GRESHAM, JR.

*ALSO ADMITTED IN VIRGINIA
+ALSO ADMITTED IN MISSISSIPPI

January 15, 2008

MAILING ADDRESS:
POST OFFICE BOX 530630
BIRMINGHAM, ALABAMA 35253-0630
TAX I.D. #63-0922938
www.pljpc.com

Ms. Jamie A. Johnston
Haskell, Slaughter, Young & Gallion, LLC
P. O. Box 4660
Montgomery, AL 36103-4660

Re:    QBE Insurance v. The Roofing Company, et al
United States District Court for the Middle District of Alabama
Eastern Division; 3:07-cv-393-MEF
Our File:    1404-00027

Dear Jamie:

The following information is sent to you for the purpose of complying with Rule 26(a)(2).

The defendants will call as an expert Daniel E. Sheehan, P.E., Senior Project Engineer, SEA, Ltd., 955 Hurricane Shoals Road, Suite 102, Lawrenceville, Georgia 30043.

Enclosed is a copy of Mr. Sheehan's report dated February 21, 2007 together with a copy of his professional resume.

Mr. Sheehan will refer to photographs made by him and also photographs made by Mr. Lawson Thompson of Frontier Adjusters and your expert, Norman A. Johnson.

Mr. Sheehan's hourly charge for professional services is $205.

As previously requested, I need to take the depositions of Mr. Norman Johnson and Mr. Phil Teague. Please call me about some dates in February.

Ms. Jamie Johnston
January 15, 2008
Page 2

      Thank you very much.

              Very truly yours,

            PARSONS, LEE & JULIANO, P.C.

            Robert E. Parsons

REP:mbd
Enclosures



955 Hurricane Shoals Road
Suite 102
Lawrenceville, Georgia 30043
770.339.7672 • 800.743.7672
Fax 770.339.1876
www.SEAlimited.com

February 21, 2007

Mr. Lawson Thompson
Frontier Adjusters
P.O. Box 680364
Marietta, Georgia 30068-0007

Re:    **Partial Building Collapse**
       Insured: Mike Fulghum dba The Roofing Company
       Claimant: Teague Properties
       Loss Location: The Lakeview Building
                      Highway 29
                      Westpoint, Georgia
       Date of Loss: August 6, 2006
       **Frontier File No. 10026646**
       **SEA Project No. 216957**

Dear Mr. Thompson:

Per your request, SEA, Ltd. has performed an examination and evaluation of a partial roof collapse which took place at the above-referenced building location. A verbal report of our findings has been provided to you; this letter report, accompanied by photographs in bulk form, will conclude SEA's investigation into this matter.

A site visit was performed on November 8, 2006 by Dan Sheehan, P.E., at which time a visual and photographic survey was performed.

The building in question was of an unknown age, however, it was obviously quite old. It was a warehouse type structure that utilized a wood-framed roof system. Columns were 8 x 8 wood posts which supported built-up wood beams. The wood beams were constructed of 10"-deep members, some of which were 3 x 10s and some of which were 2 x 10s; 2 x 6 purlins spanned between these beams. The purlins were spaced at 2' on center; 1 x 4 tongue-and-groove wood decking was supported on the purlins. A typical bay in the building in question measured approximately 14' x 14'.

The insured, The Roofing Company, had reportedly installed the single-ply membrane that was in place at the time of the partial roof collapse. In examining the debris, the new roofing was a recover system in that the existing built-up roof was left in place, 1/2" rigid insulation was placed

ATLANTA • BALTIMORE/WASHINGTON • CHICAGO • CLEVELAND • COLUMBUS • FORT LAUDERDALE • HOUSTON • JACKSONVILLE • ST. LOUIS • TAMPA

Mr. Lawson Thompson
February 21, 2007
Page 2

over the existing roof, and the single-ply membrane was then installed. This is a common and acceptable roofing practice which results in very little additional weight being placed on the existing roof structure.

The collapse zone extended into approximately six bays of the building, with the primary collapse zone encompassing approximately four bays, or an area approximately 28' x 28'. The collapse zone was located adjacent to a single scupper which serviced an internal roof drainage system. The scupper was located at a 1-1/2' (±)-tall parapet wall. This scupper was the primary and apparently only roof drainage provision for this section of the roof.

You provided us with a letter dated October 20, 2006 from Hacker Claims Services where it was alleged that the roof had collapsed as the result of the scupper having been clogged by roofing debris or had been covered during the course of the re-roofing project. It further stated that the roof had collapsed due to the weight of the water on the roof, which resulted due an alleged blockage of the scupper or drain pipe. You also provided a copy of a summary of a recorded statement you obtained from the insured's foreman on this project, Mr. Stanley Brannon.

Based upon examination of the building and review of the aforementioned documents, it is SEA's opinion and conclusions that:

1.  The allegation made by Hacker Adjustment Services with regards to the insured's roofing activities resulting in a blockage of the roof drain resulting in the roof collapse is unsubstantiated. They provided no evidence to show that debris from the roofing project had clogged the drain, and the physical evidence showed that the scupper was, in fact, open and functional at the time of the collapse.

2.  Mr. Brannon reported that the debris was removed from the roof and that the scupper was open. Again, the physical evidence supported the fact that the scupper was, in fact, functional.

3.  Mr. Brannon also reported that the existing roof had numerous leaks that were repaired by the re-roofing process. It is entirely plausible that the replacement roof did, in fact, increase the amount of runoff being directed to the scupper in question because the pre-existing holes were essentially acting as additional drains.

4.  There was no evidence found that the insured was responsible for the collapse of the building as the result of any negligent or deficient work.

5.  The building had a flawed drainage system in that it had no emergency overflow provisions for instances where the rainfall intensity and amounts would overtax the single scupper or drain that the roof had in place.

Mr. Lawson Thompson
February 21, 2007
Page 3

Thank you for allowing SEA, Ltd. to assist you in this matter. If you have any questions or if additional information becomes available, such as recorded rainfall amounts for the area on the date of loss, please contact us.

Report Prepared By:                         Report Reviewed By:

Daniel T. Sheehan, P.E.                     Steven M. Horridge
Senior Project Engineer – Civil             Civil Consultant
State of Georgia
Registration No. 20186

DTS:vh
Enclosure

## PROFESSIONAL RESUME OF DANIEL T. SHEEHAN, P.E.

January 2007

I.    General Information

Senior Project Engineer
SEA, Ltd.
955 Hurricane Shoals Road, Suite 102
Lawrenceville, Georgia 30043
(770) 339-7672
dsheehan@sealimited.com

II.   Education

Bachelor of Science
Civil Engineering
University of Toledo
1982

III.  Professional Summary

December 1990 to Present
Senior Project Engineer
SEA, Ltd.
Lawrenceville, Georgia

Perform examinations and evaluations of existing buildings and structures to determine
the presence, extent, and/or cause of damage to building components as the result of
some type of phenomena. Numerous investigations of damage caused by wind events
(hurricanes, tornadoes, etc.) and vibrations from construction-related activities (blasting,
construction equipment). Hurricane-related investigations also entail distinguishing wind
damage from storm surge/wave damage. Investigations also involve evaluation of
existing construction to determine compliance with applicable codes and standards and
investigations of accidents or collapses that occur during the construction phase.

June 1987 to December 1990
Project Manager
S.P.C. Concrete, Inc.
Atlanta, Georgia

Project Manager for concrete forming-and-placing subcontractor. Onsite supervision of
projects that included high-rise office buildings, parking garages, and a hotel.

Professional Resume
Daniel T. Sheehan, P.E.                                                Page 2

June 1985 to June 1987
August 1982 to September 1983
District Engineer
Economy Forms Corporation
Atlanta, Georgia

District Engineer for a concrete formwork supplier.  Design of formwork for various types of concrete structures, including bridges, stadiums, box culverts, retaining walls, etc.

April 1984 to June 1985
Project Engineer
Barry Levin & Associates
Atlanta, Georgia

Project Engineer for a structural engineering consulting firm.  Emphasis on light commercial structures.  Design of structural steel, concrete, timber, and masonry to produce working drawings, preparation of specifications, review of shop drawings and field inspections.  Projects included strip shopping centers, warehouses, schools, and churches.

IV.    Professional Registration

State of Georgia, Registration No. 20186
State of Ohio, Registration No. 51479
State of North Carolina, Registration No. 16484
State of Florida, Registration No. 43134
State of South Carolina, Registration No. 16307

# Exhibit B

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION, as subrogee of TEAGUE PROPERTIES, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO. 3:07-cv-393-MEF |
| THE ROOFING COMPANY, a corporation, MICHAEL FULGHUM, an individual, et al, | ) ) ) ) | |
| Defendants. | ) ) .) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S EXPERT DISCLOSURE AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Come now the defendants, separately and severally, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, move the Court to issue an order precluding the plaintiff from calling as an expert witness Jeffrey A. Tarbutton, P.E. with Kimley-Horn and Associates, Inc. and as grounds therefor show the following:

1.    That on August 8, 2007, the trial court issued a Uniform Scheduling Order which provided:

> These deadlines and responsibilities may not be changed without leave of the Court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinarily unforeseeable circumstances.

2.    That SECTION 8 of said Uniform Scheduling Order provided that the plaintiff shall disclose to the defendants any person who may be used at trial to present

evidence under Rules 701, 702, 703 or 705 of the Federal Rules of Evidence and provide the reports of retained experts required by Rule 26(a)(2) of the Federal Rules of Civil Procedure by December 14, 2007.

3.     That on December 14, 2007, the plaintiff identified as its *only* retained expert Norman A. Johnson, a roofing consultant, and that on January 15, 2008, the defendants identified as its retained expert Daniel Sheehan.

4.     That in early February 2008 the attorneys for the plaintiff and the defendants scheduled the depositions of essential fact witnesses and the depositions of Mr. Johnson and Mr. Sheehan to be taken in Montgomery, Alabama Monday, February 18, 2008.

5.     That on February 11, 2008, Felicia A. Long, attorney for the plaintiff, sent a letter (copy attached) to counsel for the defendants confirming the depositions to be taken February 18, 2008 and confirming that Norman A. Johnson would be deposed as the expert for the plaintiff and that Daniel Sheehan would be deposed as the expert for the defendants.

6.     That on February 14, 2008, at 3:47 p.m. Robert E. Parsons, attorney for the defendants, received an email from counsel for the plaintiff advising that Jeff Tarbutton (plaintiff's expert – structural engineer) would be available for his deposition Monday, February 18, 2008. *This was the defendants' first notice that the plaintiff was undertaking to retain another expert.*

7.     That on Friday, February 15, 2008, at 12:22 p.m. the undersigned, Robert E. Parsons, attorney for the defendants, for the first time received in his law offices in Birmingham, Alabama an email from Felicia A. Long, attorney for the plaintiff,

-2-

forwarding a copy of Mr. Tarbutton's report of findings and opinions. Mr. Parsons had departed his law offices Friday morning February 15, 2008, and did not have an opportunity to read Mr. Tarbutton's until Monday morning, February 18, 2008 in the law offices of Haskell Slaughter, attorneys for the plaintiff.

8.    That the identity and opinions of Mr. Tarbutton, disclosed by the plaintiff 63 days after the applicable deadline, came as a complete surprise to counsel for the defendants.

9.    That under the Uniform Scheduling Order discovery is to be completed by March 1, 2008, pretrial is scheduled March 14, 2008 and the trial is set April 28, 2008.

10.    Upon learning of the identity of Mr. Tarbutton as an expert for the plaintiff, the defendants vigorously objected to the use of Mr. Tarbutton as an expert for the plaintiff.

11.    That the undersigned attorney for the defendants certifies that he has in good faith conferred with counsel for the plaintiff about this matter, but that counsel for the plaintiff insists on using Mr. Tarbutton as an expert in the plaintiff's case.

PREMISES CONSIDERED, the defendants move the Court to deny plaintiff's motion for leave to amend the plaintiff's expert disclosure, and defendants' move the Court to issue an order precluding the plaintiff from calling or otherwise using Jeffrey A. Tarbutton, professional engineer, as an expert for the plaintiff for the reason that the plaintiff failed or refused to comply with the Court's Uniform Scheduling Order with regard to the disclosure of experts and for the reason that the defendants would experience substantial injustice and undue burden if the plaintiff is allowed to call Mr. Tarbutton as an expert.

s/   Robert E. Parsons
Robert E. Parsons (PAR006)
Attorney for Defendants

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
300 Protective Center
2801 Highway 280 South
P. O. Box 530630 (35253-0630)
Birmingham, AL 35223-2480
(205) 326-6600

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ___19th___ day of February, 2008, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Thomas T. Gallion, III
Ms. Jamie A. Johnston
Ms. Felicia A. Long
Haskell Slaughter Young & Gallion, L.L.C.
Post Office Box 4660
Montgomery, AL 36103-4660

/s  Robert E. Parsons
OF COUNSEL

# EXHIBIT 1



Haskell | Slaughter
Felicia A. Long    attorneys at law
fal@hsy.com

Haskell Slaughter Young & Gallion, LLC
305 South Lawrence Street
Montgomery, Alabama 36104
Post Office Box 4660
Montgomery, Alabama 36103-4660
t. 334.265.8573  |  f. 334.264.7945

February 11, 2008                    1404-27

*VIA FIRST CLASS MAIL*

Robert E. Parsons, Esq.
Parsons, Lee & Juilano, PC
P.O. Box 530630
Birmingham, Alabama  35253-0630

RE:    *QBE v. The Roofing Company, Michael Fulghum, et al.*
       **In the United States District Court, Middle District of Alabama,**
       **Eastern Division**
       **Civil Action No.:  3:07-cv-393**

Dear Mr. Parsons:

Enclosed are deposition notices directed to Michael Fulghum, Stanley Brannon, and Daniel Sheehan. Per your request, the following witnesses are available to be deposed on February 18, 2008 as well: Norman Johnson *(Plaintiff's expert)*, Phil Teague *(owner of Teague Properties)*, Fred Gouge *(QBE claim's adjuster)*, and Bobby Pike via telephone *(owner of MidSouth, the entity who assessed the property damage to the Lakeview Building)*. Mr. Pike's letter itemizing the property damage to the Lakeview Building as a result of the roof collapse is also enclosed for your review.

I would like to go ahead and decide on an order in which the witnesses will be deposed so that we can notify the witnesses of same. Norman Johnson is available at 10:00a.m. CST and Phil Teague will be available at 11:00a.m. CST. Given that Michael Fulghum and Steve Brannon will already be in town that morning, I could depose them before 10:00a.m. if they would like to leave after their depositions. Below is the proposed order, with all times after 8:15am being tentative depending on the duration of the preceding depositions.

| | |
|---|---|
| 8:15a.m. | Michael Fulghum |
| 9:00a.m. | Stanley Brannon |
| 10:00a.m. | Norman Johnson |
| 11:00a.m. | Phil Teague |
| 1:00p.m. | Bobby Pike |
| 2:00p.m. | Fred Gouge |
| 3:00p.m. | Daniel Sheehan |

Please make any changes you feel necessary.  We have arranged for lunch to be brought in to the office next Monday so that we can be more efficient with our time.

Robert E. Parsons, Esq.
February 11, 2008
Page 2

I look forward to hearing from you.

Sincerely,

Felicia A. Long

cc:     Jamie A. Johnston, Esq.

#30872
63008-054

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION, | ) | |
| as subrogee of Teague Properties, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:07-cv-393 |
| | ) | |
| THE ROOFING COMPANY, a | ) | |
| Corporation; MICHAEL FULGHUM, | ) | |
| An individual; et al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF DEPOSITION

TO:   Robert E. Parsons
      Parsons, Lee & Juliano, P.C.
      300 Protective Center
      2801 Highway 280 South
      Birmingham, Alabama 35223-2480

Please take notice that the deposition of **Daniel Sheehan** will be taken by the attorney for Plaintiff at the offices of Haskell, Slaughter, Young & Gallion LLC, located at 305 South Lawrence Street in Montgomery, Alabama, on **February 18, 2008,** concerning the above-styled cause, before a Court Reporter or some other officer authorized to administer oaths. This deposition will continue from day to day until completed. Said deposition shall be for discovery and evidentiary purposes and any other purpose allowed by law.

Respectfully submitted this the 11th day of February, 2008.

Respectfully submitted,

_Felicia Long_
Felicia A. Long (ASB-5582-F61L)
One of the Attorneys for the Plaintiff

OF COUNSEL:

Thomas T. Gallion, III
Jamie A. Johnston
HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama  36103-4660
(334) 265-8573        Telephone
(334) 264-7945        Facsimile
mp@hsy.com
jj@hsy.com
fal@hsy.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon the following by causing a true and complete copy of same to be deposited in the United States Mail, sufficient first class postage prepaid, on this the 11th day of February, 2008, addressed as follows:

Robert E. Parsons
Parsons, Lee & Juliano, P.C.
300 Protective Center
2801 Highway 280 South
Post Office Box 530630 (35253-0630)
Birmingham, Alabama 35223-2480

OF COUNSEL