IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION, as subrogee of TEAGUE PROPERTIES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 3:07-cv-393-MEF |
| THE ROOFING COMPANY, a corporation, MICHAEL FULGHUM, an individual, et al, | ) ) ) ) ) | |
| Defendants. | ) | |

**RESPONSE TO THE COURT'S ORDER THAT THE DEFENDANTS
SHOW CAUSE AS TO WHY PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER OR, IN THE ALTERNATIVE, MOTION TO RECONSIDER
ORDER SHOULD NOT BE GRANTED**

Come now the defendants, **THE ROOFING COMPANY, a corporation, and MICHAEL FULGHUM, an individual**, separately and severely, and in response to the Trial Court's Order to Show Cause as to why Plaintiff's Motion for Protective Order or, in the Alternative, Motion to Reconsider Order should not be granted show the following:

1.      That on December 21, 2007 (Exhibit A), the undersigned attorney for the defendants wrote Felica A. Long, attorney for the plaintiff, advising that Daniel E. Sheehan, Professional Engineer, had investigated the loss and that his report would soon be forwarded.

2.      That on January 15, 2008, only one day after the cut off date for defendants to disclose retained experts, the defendants complied with Rule 26(a)(2) with regard to

Daniel E. Sheehan being a retained expert for the defendants. It was not until February 22, 2008, the day the plaintiff filed its pending motion for protective order, that the plaintiff objected to the disclosure with regard to Mr. Sheehan being made January 15, 2008.

3.     Counsel for the plaintiff now undertakes to identify Jeffrey Tarbutton as a "rebuttal expert witness" under Rule 26(a)(2)(C). This rule required that the plaintiff identify Jeffrey Tarbutton as a rebuttal expert witness within 30 days after the defendants complied with Rule 26(a)(2) pertaining to the identification of Mr. Sheehan. With regard to the plaintiff's identification of Jeffrey Tarbutton as a rebuttal expert witness, the plaintiff did not comply with Rule 26(a)(2)(B) within the 30 day period because such compliance was not accomplished until February 15, 2008.

4.     The plaintiff, failing to timely comply with Rule 26(a)(2)(C) with regard to the identification of a rebuttal expert witness, takes the position that the plaintiff is not bound by said Rule for the reason that, when the plaintiff filed its expert disclosure December 14, 2007, with regard to Norman A. Johnson, Roof Consultant (Exhibit B), in said disclosure the plaintiff undertook to invoke the following "reservation of rights":

> Plaintiff reserves the right to call any and all expert witnesses disclosed by any other party to this lawsuit but not called to testify at trial. Plaintiff also reserves the right to supplement and augment its disclosure as necessary and further reserves the right to call experts not named to testify at trial, whose testimony is needed to aid in the Plaintiff's action and/or to refute or rebut the contentions an testimony of the other parties' experts.

*In moving the Court for an order allowing the plaintiff to call Mr. Tarbutton as a rebuttal expert witness, the plaintiff takes the position that this "reservation of rights" preempts*

*both the Trial Court's scheduling orders and the applicable Federal Rules of Civil Procedure.*

5.      In Paragraph 10 of the plaintiff's pending motion, counsel for the plaintiff states:   "It was not until after Mr. Tarbutton drove 363 miles round trip to attend his deposition on February 18, 2008, that the defendants objected to Mr. Tarbutton's serving as a rebuttal witness in this matter." It was not until Monday morning, February 18, 2008, that Mr. Parsons first learned that Mr. Tarbutton was traveling 363 miles round trip to attend his deposition in Montgomery.  As soon as Mr. Parsons received for the first time a copy of Mr. Tarbutton's report Monday morning, February 18, 2008, Mr. Parsons made it clear to counsel for the plaintiff that the defendants were objecting to Mr. Tarbutton serving as a retained expert for the plaintiff.  After Mr. Parsons made it clear that he was making such objection, Felicia Long, attorney for the plaintiff, agreed that Mr. Tarbutton's deposition was due to be postponed pending a ruling from the Court.  Ms. Long then communicated with Mr. Tarbutton by cell phone to see if he was already en route to Montgomery, and when it was learned that Mr. Tarbutton was in or near Montgomery, Mr. Parsons agreed to take his deposition but only with the understanding that his deposition would be taken under the above-mentioned objection.  See the objections noted in the record of the deposition before the deposition began.  (Exhibit C).  The attorney for the defendants had absolutely nothing to do with the decision to engage and pay for Mr. Tarbutton's travel to Montgomery for a deposition.

6.      Mr. Daniel Sheehan, expert for the defendants, was scheduled to be deposed by telephone the afternoon of Monday February 18, 2008.  However, Felecia Long, counsel for the plaintiff, agreed that Mr. Sheehan's deposition was due to be rescheduled because

Mr. Tarbutton was not identified as required by Rule 26(a)(2)(C) until February 15, 2008, and because Mr. Parsons did not obtain for the first time a copy of Mr. Tarbutton's report until the morning of Monday, February 18th.

7.    Mr. Daniel Sheehan is available for his deposition at any reasonable time before the discovery cutoff date or, with permission or order of the court, at any time before trial.

8.    In response to plaintiff's assertion that the defendants will not be prejudiced if the plaintiff is allowed to call Mr. Tarbutton as a rebuttal expert witness, the defendants say that they will be substantially prejudiced for the reason that Mr. Tarbutton did not visit the building made the basis of this suit until February 11, 2008, over a year and a half after the roof collapsed on or about August 9, 2006.

PREMISES CONSIDERED, the defendants move the Court:

1.    To deny plaintiff's motion for a protective order precluding the defendants from calling or otherwise Daniel Sheehan as an expert witness.

2.    To deny plaintiff's motion to reconsider its order entered February 21, 2008, and to allow the plaintiff to call Jeffrey Tarbutton as a rebuttal witness pursuant to Rule 26(a)(2)(C) of the Federal Rules of Procedure.

/s/ Robert E. Parsons
Robert E. Parsons  (PAR006)

OF COUNSEL:

PARSONS, LEE & JULIANO, P.C.
300 Protective Center
2801 Highway 280 South
P. O. Box 530630 (35253-0630)
Birmingham, AL 35223-2480
(205) 326-6600

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this  25th  day of February, 2008, served a copy of the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Thomas T. Gallion, III
Ms. Jamie A. Johnston
Ms. Felicia A. Long
Haskell Slaughter Young & Gallion, L.L.C.
Post Office Box 4660
Montgomery, AL  36103-4660


    /s/   Robert E. Parsons
_____OF COUNSEL

# EXHIBIT A

December 21, 2007

Ms. Felicia A. Long
Haskell, Slaughter, Young & Gallion, LLC
305 South Lawrence Street
P.O. Box 4660
Montgomery, AL 36103-4660

      Re:    QBE Insurance v. The Roofing Company, et al
             United States District Court for the Middle District of Alabama
             Eastern Division; 3:07-cv-393-MEF
             Our File:    1404-00027

Dear Felicia:

This is in response to your letter dated December 14, 2007.

Enclosed is a copy of the proposal and a copy of the policy of insurance.

Nautilus Insurance Company engaged Frontier Adjusters of Atlanta/Decatur, Georgia and Daniel E. Sheehan, a professional engineer, to investigate the loss. I will soon be forwarding you copies of their respective reports.

We need to take Norman A. Johnson's deposition, so please give me some dates when this can be accomplished. If you desire to take the deposition of Michael Fulghum, Stanley Brannon or the experts for the defendants, please let me know and we can make the necessary arrangements.

Thank you very much.

Very truly yours,

PARSONS, LEE & JULIANO, P.C.

Robert E. Parsons

REP:mbd

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION,<br>    as subrogee of Teague Properties,<br><br>    Plaintiff,<br><br>v.<br><br>THE ROOFING COMPANY, a<br>Corporation; MICHAEL FULGHUM,<br>An individual; Fictitious Defendants A-Z<br>Whose name and identity are unknown,<br>Include those individuals, corporations,<br>and entities that were involved in the<br>negligent and/or wanton construction<br>of the roof which is the subject of the<br>this litigation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 3:07-cv-393-MEF |

### PLAINTIFF'S EXPERT DISCLOSURE

Pursuant to this Court's August 8, 2007 Uniform Scheduling Order (doc no. 16), Plaintiff QBE Insurance Corporation, as subrogee of Teague Properties, designates the following expert that it may call to provide expert testimony at the trial of this matter regarding, but not limited to, the cause and origin of the roof collapse at the Lakeview Building located in West Point, Georgia on or about August 9, 2006:

> **Norman A. Johnson, Roof Consultant**
> **Norman A. Johnson & Associates**
> **1506 Sanden Ferry Drive**
> **Decatur, Georgia 30033-3348**

Plaintiff reserves the right to call any and all expert witnesses disclosed by any other party to this lawsuit but not called to testify at trial. Plaintiff also reserves the right to supplement and augment its disclosure as necessary and further reserves the right to call experts not named to testify at trial, whose testimony is needed to aid in the Plaintiff's action and/or to refute or rebut the contentions and testimony of the other parties' experts.

Respectfully submitted,

*Felicia Long*

FELICIA A. LONG (ASB-5532-F61L)
One of the Attorneys for the Plaintiff

OF COUNSEL:

Thomas T. Gallion, III
Jamie A. Johnston
HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama  36103-4660
(334) 265-8573        Telephone
(334) 264-7945        Facsimile
mp@hsy.com
jj@hsy.com
fal@hsy.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2007, a copy of the foregoing document was served upon the following parties or counsel by causing a true and complete copy of same to be deposited in the United States mail, sufficient first class postage prepaid, addressed as follows:

Robert E. Parsons
Parsons, Lee & Juliano, P.C.
300 Protective Center
2801 Highway 280 South
Post Office Box 530630 (35253-0630)
Birmingham, Alabama 35223-2480

*Felicia Long*

OF COUNSEL

#29839
63008-054

2

# EXHIBIT C

```
 1                    MR. PARSONS:   The Defendants
 2           object to Jeffrey A.
 3           Tarbutton, professional
 4           engineer with Kimley-Horn
 5           and Associates, Inc., being
 6           identified or called as an
 7           expert witness in this case
 8           for the following reasons:
 9           On August the 8th, 2007,
10           Honorable Mark E. Fuller,
11           Chief United States
12           District Judge for the
13           United States District
14           Court for the Middle
15           District of Alabama issued
16           a uniform scheduling order
17           which provided, and I
18           quote, The Court has
19           adopted a new scheduling
20           order in light of the
21           amendments to the Federal
22           Rules of Civil Procedure,
23           which became effective on
24           December 1, 2000.  Please
25           read this order carefully.
```

7

```
 1                    The deadlines and
 2               responsibilities may not be
 3               changed without leaving the
 4               Court.  All parties are
 5               expected to comply with
 6               each and every provision of
 7               this order in a timely
 8               manner and extensions will
 9               be granted in only
10               extraordinary, unfore-
11               seeable circumstances.  The
12               parties are also expected
13               to comply with the Middle
14               District's local rules and
15               the Middle District's
16               guidelines to civil
17               discovery practice, both of
18               which can be found at --
19               and it gives the web site.
20                    Now, Section 8 of
21               that uniform scheduling
22               order provides, quote, that
23               parties shall disclose to
24               each other the identity of
25               any person who may be used
```

8

```
 1                    at trial to present
 2                    evidence under Rules 701,
 3                    702, 703, or 705 of the
 4                    Federal Rules of Evidence
 5                    and provide the reports of
 6                    retained experts or
 7                    witnesses whose duties as
 8                    an employee of the party
 9                    regularly involved giving
10                    expert testimony required
11                    by Rule 26(a)(2) of the
12                    Federal Rules of Civil
13                    Procedure.
14                         Now, this disclosure
15                    was ordered to be obeyed by
16                    the Plaintiff not later
17                    than December 14, 2007.
18                    Further, this is Monday,
19                    February the 18th, and I
20                    received a copy of
21                    Mr. Tarbutton's report
22                    dated February 13, 2008.  I
23                    read it today here in the
24                    law offices of the
25                    Plaintiff.
```

9

1           Now, I learned today
2       that this report had been
3       sent to me by e-mail, but I
4       want the Record to reflect
5       that it was not sent to me
6       by e-mail until Friday,
7       February the 15th.  I
8       checked with my office
9       today and learned that the
10      report had indeed reached
11      my office, but it did not
12      get there until Friday,
13      February the 15th, and I
14      had already left for the
15      weekend and came here from
16      Alexander City for these
17      depositions.
18           So it is the
19      position of the Defendants
20      that this gentleman cannot
21      be called as an expert and
22      that his report cannot in
23      any way be used or offered
24      into evidence, because the
25      Plaintiff is far out of

```
 1                         time with regard to
 2                         complying with the Court's
 3                         scheduling order with
 4                         regard to identification of
 5                         experts.
 6                             And with that, I'm
 7                         ready to proceed unless you
 8                         have anything you want to
 9                         say on the Record.
10              MRS. LONG:  And I'll just
11                         clarify one thing.  The
12                         expert report was e-mailed
13                         to the attorney for the
14                         roofing company on Friday
15                         at 12:26 p.m.
16              MR. PARSONS:  That's what my
17                         office reports.
18         JEFFREY ALAN TARBUTTON,
19      The Witness, having first been sworn or
20          affirmed to speak the truth,
21   the whole truth, and nothing but the truth,
22              testified as follows:
23              (All parties agreed to usual
24              stipulations.)
25
```