IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| QBE INSURANCE CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:07-cv-393-MEF |
| | ) |
| THE ROOFING COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This cause is before the Court on Plaintiff's Motion for a Protective Order, Or In the Alternative, Motion to Reconsider Order Dated 2/21/2008 (Doc. # 25), filed February 22, 2008. In this motion, Plaintiff asks this Court to either find that its disclosure of Jeffrey A. Tarbutton ("Tarbutton") as an expert rebuttal witness was timely, or prevent Defendants from calling their expert witness Daniel Sheehan ("Sheehan") due to their untimely disclosure.

This Court established a deadline for the Plaintiff to designate its expert witnesses of December 14, 2007, and a deadline of January 14, 2008 for the Defendants to designate their expert witnesses. Defendants notified Plaintiff that they were designating Sheehan as an expert witness on January 15, 2008—one day after the Court's deadline. Plaintiff did not object to the one day tardiness of Defendants' notice. On February 14, 2008, Plaintiff notified Defendants that Tarbutton would be called as a rebuttal expert. Plaintiff sent Tarbutton's final report to Defendants' counsel on February 15.

Federal Rule of Civil Procedure 26(a)(2)(C) provides that parties must designate rebuttal experts within 30 days of the designation by the other party. Furthermore, Rule 26

requires the disclosure to include a report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). Defendants disclosed Sheehan as their expert witness on January 15, 2008; therefore the 30 day deadline for disclosure of a rebuttal expert according to Rule 26 would be February 14, 2008. Plaintiff identified Tarbutton as an expert witness on February 14, 2008, but did not complete the disclosure (by providing the written report) until February 15, 2008.

On February 18, 2008, Tarbutton drove to Montgomery to attend a deposition. Counsel for Defendants represents that he did not know Tarbutton was going to be attending the deposition until the morning of February 18. While Defendants' counsel went forward with Tarbutton's deposition, he made it clear that he was objecting to Plaintiff's use of Tarbutton as an expert witness. Plaintiffs, understanding that Defendants' counsel did not have much time to review Tarbutton's report prior to his deposition, have offered to make Tarbutton available to Defendants for additional deposing at their request. Moreover, while the deposition of Defendants' expert witness Sheehan was originally scheduled for February 18, it appears that these events caused that deposition to be postponed indefinitely.

Neither party has demonstrated that it would be prejudiced if this Court allows any of the expert witnesses testify in this case.[1] Indeed, Defendants' objections are particularly misplaced given the fact that their expert disclosures were also a day late. However, the current deadline for discovery is February 29, 2008. It appears that at a minimum the parties

---

[1] This Court wishes to make it clear that it is not ruling that any of the "expert witnesses" identified in this Opinion are "qualified" to give opinion testimony within the definition of Fed. R. Evid. 702. Such rulings will be made at a later date.

will need to depose Sheehan, and counsel for the Defendants may wish to further depose Tarbutton. Accordingly, this Court finds that a brief extension of the time for discovery is warranted.

For the reasons stated above, it is hereby ORDERED that

(1) Plaintiff's Motion for a Protective Order (Doc. # 25) is DENIED.

(2) Plaintiff's Motion to Reconsider Order Dated 2/21/2008 (Doc. # 25) is GRANTED.

(3) This Court's Order (Doc. # 24) dated February 21, 2008 is VACATED.

(4) Plaintiff's disclosure of Jeffrey A. Tarbutton is deemed timely.

(5) The deadline for discovery shall be extended. All discovery shall be completed on or before March 12, 2008, except that, as to any witnesses whose names are not revealed until the last day allowed by this Court's Uniform Scheduling Order (Doc. # 16), the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

(6) Any party who feels the new discovery deadline is insufficient may file a motion to extend the deadline further that sets forth facts that demonstrate that the discovery can not be completed in the time allowed, and that such extension won't prejudice the other party or cause undue delay.

DONE this the 28th day of February, 2008.

       /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE