**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

QBE INSURANCE CORPORATION, )
)
      **Plaintiff,** )
)
v. )   CASE NO. 3:07-cv-393-MEF
)
THE ROOFING COMPANY, et al., )
)
      **Defendants.** )

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on March 14, 2008, wherein the following proceedings were held and actions taken:

**PARTIES AND TRIAL COUNSEL**:

Plaintiff: QBE Insurance Corporation – Trial Counsel: Tommy T. Gallion, III; Jamie Johnston; Felicia A. Long.

Defendants: The Roofing Company and Michael Fulghum – Trial Counsel: Robert E. Parsons.

**COUNSEL APPEARING AT PRETRIAL HEARING**: Same as trial counsel.

**JURISDICTION AND VENUE**: This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is appropriate pursuant to 28 U.S.C. § 1391.

    3.    **PLEADINGS:** The following pleadings were allowed: Complaint; Answer of Defendants The Roofing Company and Michael Fulghum.

    4.    **CONTENTIONS OF THE PARTIES:**

    a.    **Plaintiff's Contentions**

QBE issued a Commercial Package Insurance Policy, with a Special Perils Policy (policy no. ANM22976-1) (the "Policy"), to Teague Properties. Under the Policy, QBE insured certain real estate owned and operated by Teague Properties, specifically, the Policy provided $300,000 in property damage coverage and

$200,000 in contents coverage on a one story, brick building situated at 545 3rd Avenue West Point, Georgia (the "Lakeview Building").

In August of 2006, Defendants The Roofing Company and Michael Fulghum began installing a roof on the subject property. The Defendants, during the installation process, left various unused roofing materials and pieces of debris on the roof and did not properly secure roofing material to the roof retrofitting. Prior to completion, on or about August 9, 2006, it rained in West Point, Georgia. The Defendants failure to properly secure roofing materials, debris, and unused roof caused a collection of the loose materials to collect at the only roof drain apparatus, the thru-the-wall scupper, by rain water flowing across the roof. The unused roofing material stored on the roof and blockage of the only roof drain caused water to pond on the roof. As a result, a large section of the roof collapsed, including the overhead beams and rafters. When the roof collapsed, water flooded the floor below and also caused a main line to the sprinkler system to break. This caused water to flood the entire floor of the warehouse. The flooring was severely damaged. Patio furniture, owned and sold by Teague Properties, that was stored in the Lakeview Building was also destroyed as a result of the roof collapse.

QBE paid its insured, Teague Properties, a total of $198,325.75 for damages as a result of the Defendants' negligent installation of the roof and failure to properly secure roof, debris, and portions of the roof. The damages were comprised of $135,000 for building damage and $63,325.75 for the content damage.

The Plaintiff, as subrogee of Teague Properties, seeks reimbursement of the aforementioned monies based upon negligence; breach of contract; and negligent hiring, retention, and training causes of action.

It was first and foremost the Defendants negligence that caused the roof collapse and that subsequently caused QBE to endure the expense for the damages to same. The Defendants, its employees, agents and/or representatives had a duty to Teague Properties, the owner of the building, to use all due care in the installation process of the roof, to use all due care to install the roof in a workmanlike manner and to ensure that it was installed in a manner so that it would not fail and cause damages to the roof, property located inside, and other consequential damages. The Defendants also had a duty to ensure the only roof drain remained clear of any unused roofing materials or debris during installation of the roof. The Defendants breached the standard of care when they failed to properly secure roofing materials, debris, and unused roof, causing water to pond on the roof and the roof collapsed. The negligence of the Defendants as described herein proximately and factually caused the damages for which QBE now seeks relief.

The Defendants also breached their contract with Teague Properties. Defendants entered into a contract with Teague Properties whereby they agreed to

install a new roof on the Lakeview Building. Implied in the contract, is the obligation to perform the installation of the roof in a workmanlike manner and in compliance with industry standards, building codes and applicable laws. QBE is a third party beneficiary of the contract between Teague Properties and the Defendants. Defendants breached the above-referenced contract by failing to secure loose roofing materials and debris and by failing to install the roof in a workmanlike manner. The Defendants breach of the aforementioned contract factually and proximately caused the damages for which QBE now seeks relief.

Defendants are further liable to the Plaintiff for negligent hiring, training and supervision. Defendant The Roofing Company had a duty to Teague Properties to use all due care to hire, retain, and adequately train those responsible for installing the roof to ensure that those they hired were knowledgeable and qualified to perform the installation. Defendant The Roofing Company breached the standard of care when they failed to hire, retain, or train those who installed the roof and failed to secure debris and/or other roofing materials and failed to ensure that the roof installers were knowledgeable and qualified to perform the installation. Defendant The Roofing Company's negligent hiring, retention, and training of the roof installers as described above proximately and factually caused or contributed to the cause of the damages for which QBE now seeks relief.

QBE demands judgment against Defendants The Roofing Company and Michael Fulghum for compensatory damages of $198,325.75, interest, costs, attorneys fees, expenses, and all other relief that this Court deems just and proper.

### b.   Defendants' Contentions

Defendants, separately and severally, deny all the averments of the complaint of the plaintiff claiming negligence, breach of contract, negligent hiring and negligent retention.  Specifically, defendants deny the averments:

- that the defendants, during the roofing installation process, left stacks of unused roofing and pieces of debris on the roof and did not properly secure roofing material from the roof retrofitting;

- that the defendants' failure to properly secure roofing materials, debris and unused roof caused a collection of the loose materials to collect at the only roof drain apparatus, the thru-the-wall scupper, by rain flowing across the roof;

- that the opening between the roof and the main drain on the other side of the wall became clogged, causing water to back up on the roof and causing the roof to collapse;

- that the roof collapsed because of an accumulation of water or because of the weight of water.

**STIPULATIONS BY AND BETWEEN THE PARTIES**: The following facts are undisputed:

a. The Roofing Company, an Alabama corporation, contracted with Teague Properties to install a new roof on the Lakeview Building located in West Point, Georgia.
b. In August of 2006, Defendants The Roofing Company and Michael Fulghum began installing a roof on the subject property.
c. The roofing crew that began installing the roof consisted of Michael Fulghum, Stanley Brannon, and Jason Roach, all of whom were acting within the line and scope of their respective employment by The Roofing Company.
d. The Defendants left some roofing materials yet to be installed on the roof during the installation and said materials were on the roof at the time of the rain storm.
e. Prior to completion, on or about August of 2006, it rained in West Point, Georgia.
f. On or about August of 2006, the roof on the Lakeview Building collapsed.
g. Damages were sustained to the Lakeview Building and the contents therein as a result of the roof collapse.

It is ORDERED that:

(1)     The jury selection and trial of this cause, which is to last two (2) days, are set for April 28, 2008, at 10:00 a.m. at the United States Courthouse in Opelika, Alabama;

(2)     A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3)     The parties are to file their pre-trial briefs, if any, by April 21, 2008;

(4)     Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5)   All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #16) entered by the court on August 8, 2007;

(6)   All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

    DONE this 25th day of March, 2008.

                                          /s/ Mark E. Fuller
                            CHIEF UNITED STATES DISTRICT JUDGE