## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| QBE INSURANCE CORPORATION,  ) | |
|     as subrogee of Teague Properties,  ) | |
| ) | |
| **Plaintiff,**  ) | |
| ) | |
| v.  ) | CIVIL ACTION NO.:  3:07-cv-393 |
| ) | |
| THE ROOFING COMPANY, a  ) | |
| Corporation; MICHAEL FULGHUM,  ) | |
| An individual; Fictitious Defendants A-Z  ) | |
| Whose name and identity are unknown,  ) | |
| Include those individuals, corporations,  ) | |
| and entities that were involved in the  ) | |
| negligent and/or wanton construction  ) | |
| of the roof which is the subject of the  ) | |
| this litigation,  ) | |
| ) | |
| **Defendants.**  ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DESIGNATION OF DEPOSITIONS

COMES NOW Plaintiff QBE Insurance Corporation, as subrogee of Teague Properties, pursuant to this Honorable Court's Uniform Scheduling Order, and hereby responses to Defendants' objections to certain portions of **Phillip Wendell Teague's** deposition transcript from February 18, 2008, as follows:

    **I.**    **Page 17, lines 2-10**

Defendants object to Mr. Teague giving his opinion as to the cause of the roof collapse on Page 17, lines 2-10.  However, Mr. Phillip Teague, as a lay witness, is to entitled to give his opinion as to the cause of the roof collapse pursuant to Rule 701, Fed. R. Civ. Proc.  Rule 701 provides as follows:

> "If the witness is not testifying as an expert, the witness' testimony in the form of opinions and inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

On Page 17, lines 2-10, counsel for Defendants asked Mr. Teague to state the cause of the collapse and Mr. Teague responded as follows:

> "2  A.  I can tell you major weight on
> "3  the roof caused the roof to collapse.  And it
> "4  doesn't take a rocket scientist, you know, to
> "5  know that.  Something clogged the drain up.
> "6  There was major water on the roof when it
> "7  fell.  And the reason I know that, because
> "8  when the roof fell with the water on the
> "9  roof, all the back wash washed stuff back in
> "10   the building.  So I can do that under oath."

Mr. Teague simply testifies in the foregoing excerpt that the weight of the water on the roof is what caused the collapse. Mr. Teague's opinion is rationally based on his perception and personal knowledge of 1) the condition of the roof and building prior to the collapse, 2) the rainfall the night of the collapse, 3) the condition of the roof and building after the collapse, and 4) the contents in his building that were back washed as a result of the roof collapse. It does not take a "rock scientist" as the deponent put it, to form an opinion or inference as to the fact that the weight of the water caused the roof to collapse.[1] Mr. Teague's testimony is the most helpful of any of the witnesses with personal knowledge of the facts surrounding the collapse who will testify and his opinion/inference stated above will assist the jury in their determination of the issue. See, e.g., *Agro Air Assoc., Inc. v. Houston Cas. Co.*, 128 F.3d 1452, 1455-56 (11th Cir.1997) (finding lay witness to be entitled to give opinion on causation).

For the foregoing reasons, Defendants' objection to Mr. Teague's deposition testimony on Page 17, lines 2-10, should be OVERRULED by this Court.

**II.     Page 26, lines 6-21**

Defendants object to Mr. Teague giving his opinion to the cause of the roof collapse on Page 26, lines 6-21. However, Mr. Phillip Teague, as a lay witness, is to

---

[1] In fact, witnesses for both parties will testify that the weight of the water caused the collapse. What is disputed between the parties and is the ultimate question in this lawsuit is what caused the water to pond on the roof.

2

entitled to give his opinion as to the cause of the roof collapse pursuant to Rule 701, Fed. R. Civ. Proc. Rule 701 provides as follows:

> "If the witness is not testifying as an expert, the witness' testimony in the form of opinions and inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Page 26, lines 6-21, of Mr. Teague's deposition transcript reads as follows:

```
"6         Q.  There were rolls of roofing
"7   there, and there was some insulation there,
"8   and I think we can see that in some of the
"9   photographs. Do you have an opinion one way
"10  or the other as to whether or not those rolls
"11  of roofing and the insulation in any way
"12  caused the roof collapse?
"13        A.  Now that you ask an opinion,
"14  I'll give you my opinion. Yes, I do believe
"15  that either that hole was not cut or a piece
"16  of material was still over it. Or actually,
"17  I believe a possible piece of styrofoam had
"18  gotten up against that and caused the water
"19  to back up. And it's just something that --
"20  you know, it's a casualty that happened due
"21  to the rain that night."
```

In the foregoing excerpt, counsel for the Defendants asked Mr. Teague if in his opinion the rolls of roofing or insulation on the roof *in any way* caused the roof collapse. Mr. Teague testified that in his opinion the roofing material was either not cut properly over the scupper or a piece of the roofing material blocked the flow of the rainwater into the scupper thereby causing the roof to collapse. Mr. Teague's opinion is rationally based on his own perceptions given that he had personal knowledge of 1) the condition of the roof and building prior to the collapse, 2) the rainfall the night of the collapse, 3) at the time of the collapse, the Defendants had only performed work on the area of the roof that collapsed which included the scupper (the roof's only drainage system), 4) the fact that the Defendants stored their roofing materials on the roof each night, particularly the

3

night of the rainfall, 5) new roofing materials and roofing debris that were lying on top of the roofing membrane that collapsed onto the floor of the warehouse and were seen by Mr. Teague when he arrived at the building the morning after the collapse, and 6) the condition of the roof and building after the collapse. Mr. Teague's opinion is based strictly on his first hand observations, not on specialized knowledge within the scope of Rule 702. Mr. Teague's testimony will be helpful to a clear understanding of the witness's testimony and the determination of the issue. See, e.g., *Agro Air Assoc., Inc. v. Houston Cas. Co.*, 128 F.3d 1452, 1455-56 (11th Cir.1997) (finding lay witness to be entitled to give opinion on causation).

For the foregoing reasons, Defendants' objection to Mr. Teague's deposition testimony on Page 26, lines 6-21, should be OVERRULED by this Court.

Respectfully submitted,

/s/ Felicia A. Long
Felicia A. Long (ASB-5532-F61L)
One of the Attorneys for the Plaintiff

OF COUNSEL:

Thomas T. Gallion, III
Jamie A. Johnston
HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573     Telephone
(334) 264-7945     Facsimile
mp@hsy.com
jj@hsy.com
fal@hsy.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

Robert E. Parsons
Parsons, Lee & Juliano, P.C.
300 Protective Center
2801 Highway 280 South
Post Office Box 530630 (35253-0630)
Birmingham, Alabama 35223-2480

                                          /s/ Felicia A. Long
                                          OF COUNSEL

#32243
63008-054