**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **QBE INSURANCE CORPORATION,** ) | |
|     **as subrogee of Teague Properties,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:  3:07-cv-393** |
| ) | |
| **THE ROOFING COMPANY, a** ) | |
| **corporation; MICHAEL FULGHUM,** ) | |
| **an individual; Fictitious Defendants A-Z** ) | |
| **whose name and identity are unknown,** ) | |
| **include those individuals, corporations,** ) | |
| **and entities that were involved in the** ) | |
| **negligent and/or wanton construction** ) | |
| **of the roof which is the subject of the** ) | |
| **this litigation;** ) | |
| ) | |
|     **Defendants.** ) | |

**PLAINTIFF'S PROPOSED JURY CHARGES**

Plaintiff QBE Insurance Corporation, as subrogee of Teague Properties, (hereinafter "Plaintiff") requests that this Honorable Court instruct the jury on the Court's standard instructions set forth in the Eleventh Circuit Pattern Jury Instructions (Civil Cases 2005) pp.4-20, and on the following matters. Each requested charge is attached on a separate page to this list.

# JURY INSTRUCTION NO. 1
### Description of Plaintiff's Claims

This is a civil case brought by the Plaintiff QBE Insurance Corporation, as subrogee of Teague Properties, which I will refer to as QBE, against Defendants The Roofing Company and Michael Fulghum. QBE insured certain real estate owned and operated by Teague Properties, specifically, the Lakeview Building located at 545 3rd Avenue, West Point, Georgia.

In this lawsuit, QBE asserts the following claims against Defendants The Roofing Company and Michael Fulghum: negligence; breach of contract; and negligent hiring, retention, and training.

GIVEN: _____

REFUSED: _____

# JURY INSTRUCTION NO. 2

The parties have stipulated that the following facts are undisputed:

a.      The Roofing Company, an Alabama corporation, contracted with Teague Properties to install a new roof on the Lakeview Building located in West Point, Georgia.

b.      In August of 2006, Defendants The Roofing Company and Michael Fulghum began installing a roof on the subject property.

c.      The roofing crew that began installing the roof consisted of Michael Fulghum, Stanley Brannon, and Jason Roach, all of whom were acting within the line and scope of their respective employment by The Roofing Company.

d.      The Defendants left some roofing materials yet to be installed on the roof during the installation and said materials were on the roof at the time of the rain storm.

e.      Prior to completion, on or about August of 2006, it rained in West Point, Georgia.

f.      On or about August of 2006, the roof on the Lakeview Building collapsed.

g.      Damages were sustained to the Lakeview Building and the contents therein as a result of the roof collapse.

GIVEN: _____

REFUSED:_____

**JURY INSTRUCTION NO. 3**
**Negligence**

The essential elements of a negligence action are: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury. *Allstate Ins. Co. v. Sutton,* 2008 WL 615032, 3 (Ga.App.) (Ga.App.,2008); *La Quinta Inns, Inc. v. Leech,* 2008 WL 204589, 3 (Ga.App.) (Ga.App.,2008). Negligence is the failure to use reasonable care. Negligence may consist in doing something that a reasonably careful person would not do under like or similar circumstances, or the failure to do something that a reasonably careful person would do under like or similar circumstances.

QBE claims that the Defendants, its employees, agents and/or representatives had a duty to use all due care to install the roof in a workmanlike manner such to ensure that their work would not cause the roof to collapse. Plaintiff claims that the Defendants also had a duty to ensure the only roof drain remained clear of any unused roofing materials or debris during installation of the roof. Plaintiff claims that the Defendants breached the standard of care when they failed to properly secure roofing materials, debris, and unused roof, causing water to pond on the roof and the roof to collapse. Plaintiff claims that the Defendants' negligence as described herein proximately and factually caused the damages for which QBE now seeks relief.

GIVEN: _____

REFUSED: _____

**JURY INSTRUCTION NO. 4**
**Breach of Contract**

In order to establish that a contract exists under Georgia law, "the plaintiff in a breach of contract action has the burden of proving three elements: subject matter of the contract, consideration, and mutual assent by all parties to all contract terms." *Cline v. Lee*, 260 Ga.App. 164, 168(1), 581 S.E.2d 558 (2003); *Roland v. Ford Motor Co., Inc.* 288 Ga.App. 625, 629-630, 655 S.E.2d 259, 263 (Ga.App.2007). However, it is undisputed that a contract between the parties existed in this case. You, the jury, must determine if the contract was breached.

The elements of a right to recover for a breach of contract are the breach and the resultant damages to the party who has the right to complain about the contract being broken. *Graham Bros. Constr. Co. v. C.W. Matthews Contracting Co.*, 159 Ga.App. 546, 550, 284 S.E.2d 282 (1981); *Budget Rent-a-Car of Atlanta, Inc. v. Webb*, 220 Ga.App. 278, 279, 469 S.E.2d 712, 713 (Ga.App.1996)

Plaintiff claims that the Defendants breached their contract with Teague Properties. Defendants entered into a contract with Teague Properties whereby they agreed to install a new roof on the Lakeview Building. Plaintiff claims that implied in the contract, is the obligation to perform the installation of the roof in a workmanlike manner and in compliance with industry standards, building codes and applicable laws. QBE is a third party beneficiary of the contract between Teague Properties and the Defendants. Plaintiff claims that the Defendants breached the above-referenced contract by failing to secure loose roofing materials and debris and by failing to install the roof in a workmanlike manner. Plaintiff alleges that the breach of the aforementioned contract factually and proximately caused the damages for which QBE now seeks relief.

**JURY INSTRUCTION NO. 4 (CONTINUED)**
**Breach of Contract**

GIVEN: _____

REFUSED:_____

**JURY INSTRUCTION NO. 5**
**Negligent Hiring, Retention, and Training**

"The appropriate standard of care in a negligent hiring/retention action is whether the employer knew or should have known the employee was not suited for the particular employment." *Harvey Freeman & Sons, Inc. v. Stanley*, 189 Ga.App. 256, 258(2)(a), 375 S.E.2d 261 (1988) (rev'd on other grounds in 259 Ga. 233, 378 S.E.2d 857 (1989)); *Kemp v. Rouse-Atlanta, Inc.* 207 Ga.App. 876, 878, 429 S.E.2d 264, 267 (Ga.App. 1993). A defendant employer has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable from the employee's tendencies or propensities that the employee could cause the type of harm sustained by the plaintiff; however, the employer is subject to liability only for such harm as is within the risk. 17 Ga. Jur. Employment and Labor § 9:73; *Munroe v. Universal Health Services, Inc.*, 277 Ga. 861, 596 S.E.2d 604 (2004).

QBE claims that the Defendants had a duty to Teague Properties to use all due care to hire, retain, and adequately train those responsible for installing the roof to ensure that those they hired were knowledgeable and qualified to perform the installation. Plaintiff claims that Defendants breached the standard of care when they failed to hire, retain, or train those who installed the roof and failed to secure debris and/or other roofing materials and failed to ensure that the roof installers were knowledgeable and qualified to perform the installation. QBE alleges that the Defendants' negligent hiring, retention, and training of the roof installers as described above proximately and factually caused or contributed to the cause of the damages for which QBE now seeks relief.

**JURY INSTRUCTION NO. 5 (CONTINUED)**
**Negligent Hiring, Retention, and Training**

GIVEN: _____

REFUSED:_____

## JURY INSTRUCTION NO. 6
**Burden of Proof**

In this case, it is the responsibility of the Plaintiff to prove every essential element the Plaintiff's claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

**Eleventh Circuit Pattern Jury Instruction 6.1**

GIVEN: _____

REFUSED: _____

## JURY INSTRUCTION NO. 7
### Damages

Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from the breach and such as the parties contemplated when the contract was made as the probable result of the breach.

**Georgia Suggested Pattern Jury Instructions 18.010;**

**O.C.G.A. §§13-6-1, 13-6-2, 13-6-7**

GIVEN: _____

REFUSED: _____

# JURY INSTRUCTION NO. <u>8</u>
### Damages

In every case of breach of contract, the party not breaching it has a right to damages. But, if there has been no actual damage, the plaintiff can recover nominal damages that will carry expenses of litigation.

**Georgia Suggested Pattern Jury Instructions 18.012**

.

GIVEN: _____

REFUSED:_____

# JURY INSTRUCTION NO. 9
### Damages

The amount of damages at the date of breach of contract may be increased by the addition of legal interest from that time until the time of recovery.

All liquidated demands, whether by agreement or otherwise the sum to be paid is fixed and certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they bear interest from the time of the demand. In case of promissory notes payable on demand, the law presumes a demand instantly and gives interest from date.

**Georgia Suggested Pattern Jury Instructions 18.040**

**O.C.G.A. §§13-6-13, 7-4-15**

GIVEN: _____

REFUSED: _____

## JURY INSTRUCTION NO. 10
### Damages

Damages are given as compensation for an injury done, and generally the injury is the measure when the damages are of a character to be estimated in money. If the injury is small or mitigating circumstances are strong, only nominal damages are given.

What would be a proper amount of nominal damages is a question for you to decide under all the facts and circumstances of the case.

**Georgia Suggested Pattern Jury Instructions 66.010**

**O.C.G.A. §51-12-4**

GIVEN: _____

REFUSED: _____

Respectfully submitted,

/s/ Felicia A. Long
Felicia A. Long (ASB-5532-F61L)
One of the Attorneys for the Plaintiff

OF COUNSEL:

Thomas T. Gallion, III
Jamie A. Johnston
HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573      Telephone
(334) 264-7945      Facsimile
mp@hsy.com
jj@hsy.com
fal@hsy.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

Robert E. Parsons
Parsons, Lee & Juliano, P.C.
300 Protective Center
2801 Highway 280 South
Post Office Box 530630 (35253-0630)
Birmingham, Alabama 35223-2480

/s/ Felicia A. Long
OF COUNSEL

14