**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **QBE INSURANCE CORPORATION,** as subrogee of Teague Properties, | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 3:07-cv-393** |
| **THE ROOFING COMPANY, a corporation; MICHAEL FULGHUM, an individual; Fictitious Defendants A-Z whose name and identity are unknown, include those individuals, corporations, and entities that were involved in the negligent and/or wanton construction of the roof which is the subject of the this litigation;** | ) | |
| **Defendants.** | ) | |

**MOTION IN LIMINE**

COMES NOW Plaintiff QBE Insurance Corporation, as subrogee of Teague Properties, (hereinafter "Plaintiff") and moves this Honorable Court to order that counsel for the Defendants, and through such counsel, any and all witnesses or other persons be instructed by an appropriate order of the Court to refrain from making any mention on interrogation, directly or indirectly, in any manner whatsoever, either in questioning of witnesses, Closing Statement or otherwise, concerning any of the matters set forth below. The Plaintiff states that the matters set forth below would be inadmissible as evidence for any purposes on proper and timely objection and that they have no bearing on the issues involved in this case or the rights of the parties to this action or the prejudicial value of the evidence substantially outweighs its probative value. Permitting interrogation of witnesses or offers of evidence concerning these matters would

unduly prejudice the Defendants and sustaining objections to such questions, comments or offers would not cure such prejudice, but would rather reinforce the impact of such prejudicial matters.

The following matters would not be admissible as evidence for any purpose in this cause:

**(a) Prejudicial Evidence and Evidence that is Confusing to the Jury**

Defendants have identified certain exhibits to be used during the trial of this matter that would be grossly prejudicial to the Plaintiff if admitted and would also confuse the jury. *See* Ala.R.Evid. 403. Plaintiff specifically moves this Court to prevent Defendants from using during the course of the trial a "drain pipe *like or similar to* the drain pipe from the roof made the basis of the litigation" as said evidence is not the exact drain pipe that is in question in this litigation. Defendants have available photographs of the actually drain at question in this litigation should the Defendants wish to present evidence and/or testimony concerning same.

**(b) Cumulative Evidence**

Defendants have identified the following witness to testify regarding the installation of the roof on the Lakeview Building: Michael Fulghum, Stanley Brannon, Jason Roach, William Kellum, and Ivan Fernandez. The Plaintiff moves this Court to prevent the Defendants from presenting redundant, cumulative testimony from these witnesses such to preclude certain said witnesses from testifying in this matter. *See* Ala.R.Evid. 403.

**(c) Trial Preparation**

The Plaintiff moves this Court to prevent any reference, testimony, comment, and/or discussion with regard to the trial preparation conducted between the Plaintiff and its attorneys. Any questioning, reference, comment on such topic is protected under the attorney-client privilege.

**(d) Settlement Discussions**

The Plaintiff also moves this Court to preclude testimony, evidence, comments or otherwise with regard to any compromise or settlement, or offers to compromise or settle, in whole or in part, by or with any person or entity concerning any claim arising out of the roof collapse at issue in the lawsuit.

WHEREFORE, the Plaintiff requests this Honorable Court enter an Order In Limine excluding any and all such evidence at any time during the trial of this case, voir dire examination, and/or opening and closing statements.

Respectfully submitted,

/s/ Felicia A. Long
Felicia A. Long (ASB-5532-F61L)
One of the Attorneys for the Plaintiff

OF COUNSEL:

Thomas T. Gallion, III
Jamie A. Johnston
HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.
305 South Lawrence Street
P.O. Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573 Telephone
(334) 264-7945 Facsimile
mp@hsy.com
jj@hsy.com
fal@hsy.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of April 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel:

Robert E. Parsons
Parsons, Lee & Juliano, P.C.
300 Protective Center
2801 Highway 280 South
Post Office Box 530630 (35253-0630)
Birmingham, Alabama 35223-2480

/s/ Felicia A. Long
OF COUNSEL